UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY JI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NAVER CORPORATION, et al.,<br><br>    Defendants. | Case No. 21-cv-05143-HSG<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 134 |

Pending before the Court is Defendants' motion to certify an order for interlocutory appeal.[1] Dkt. No. 134. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

**I.  BACKGROUND**

Since the parties are familiar with this long-running case, the Court briefly reviews just those facts relevant to this motion.

On October 28, 2022, Plaintiffs filed a first amended class action complaint, Dkt. No. 100, which both the Naver Defendants and Line Defendants moved to dismiss, Dkt. Nos. 108, 112. On October 3, 2023, the Court granted in part and denied in part the motions to dismiss, Dkt. No. 128 ("MTD II Order"). As relevant here, the Court denied Defendants' motions to dismiss Plaintiffs' complaint on certain standing grounds, finding that Plaintiffs had adequately pled Article III standing for privacy harms based on Defendants' alleged collection and storage of their biometric data, and for property harms based on the alleged harm to their devices and the

---

[1] For purposes of this order, "Defendants" include: Naver Corporation, Naver Cloud Corporation, Naver Cloud America Inc., Snow Corporation, and Snow Inc.

diminution of the value of their biometric data. MTD II Order at 8–10. The Court also found that Plaintiffs had standing to bring claims under sections 15(a) and (c) of the Illinois Biometric Information Privacy Act ("BIPA") and the California Unfair Competition Law ("UCL"). *Id*. at 11-13; 16. On Defendants' motion, the Court also dismissed some of Plaintiffs' other standing theories, as well as several of their claims. *See generally* MTD II Order.

On November 2, 2023, Defendants filed this motion, which is now fully briefed. *See* Dkt. Nos. 134 ("Mot."), 147 (Opposition), 157 (Reply).

## II. LEGAL STANDARD

Under the "final judgment rule," codified in 28 U.S.C. § 1291, the courts of appeal have jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291; *see also Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 627 (9th Cir. 2015) ("the foundational rule [is] that generally we have jurisdiction to hear an appeal only if it arises from a final order"); *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008) (holding that parties may only appeal orders as of right which "end[ ] the litigation on the merits and leave [ ] nothing for the court to do but execute the judgment").

That said, a "narrow exception" exists to the final judgment rule. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if certain requirements are met. *Id*. "These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). The Ninth Circuit has repeatedly held that appellate review before a final judgment is only appropriate in "exceptional cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *See, e.g., U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

Because § 1292(b) is a departure from the final judgment rule, this exception "must be construed narrowly." *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). The decision to certify an issue for interlocutory appeal is discretionary, *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 36 (1995), and the district court should apply the

1    requirements "strictly" and certify for interlocutory appeal only when "exceptional circumstances"
2    justify a departure from the well-established policy of postponing appellate review until after a
3    final judgment. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The party seeking
4    certification bears the burden of demonstrating that the requirements are satisfied and that such a
5    departure is warranted. *Id*.

**III.   DISCUSSION**

Given that the motion to dismiss order at issue is not "final," it is not appealable as of right under the final judgment rule. The question is therefore whether this case presents a circumstance falling within one of the "narrow exception[s]" supporting a discretionary certification of an interlocutory appeal. *Couch*, 611 F.3d at 633. The Court finds it does not.

In resolving whether "exceptional circumstances" exist to justify certification under 28 U.S.C. § 1292(b), the Court need not wade deeply into Defendants' assertions that the MTD II Order raised four "important, unsettled, and controlling questions of law concerning Article III standing and statutory standing" so as to warrant authorizing an interlocutory appeal. Mot. at 2. The reason is simple: were the Court to countenance an interlocutory appeal from its MTD II Order – a straightforward ruling simply declining to dismiss Plaintiffs' claims on the pleadings on Article III and statutory standing grounds – the "narrow exception" to the final judgment rule would stop serving its gatekeeping purpose. *Couch*, 611 F.3d at 633.

Interlocutory appeals are intended to resolve pure questions of law, not challenges to the district court's application of settled law to specific alleged facts. *See Henley v. Jacobs*, No. C 18-2244 SBA, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019) (characterizing a "controlling question of law" as "a purely legal one that can be resolved quickly without delving into a particular case's facts"); *see also J. B. v. G6 Hosp., LLC*, No. 19-CV-07848-HSG, 2021 WL 6621068 (N.D. Cal. Dec. 16, 2021) (granting certification to address whether as a matter of law plaintiff was required to plead violation of criminal statute to overcome immunity granted by related civil statute). But here, Defendants seek review of the latter. While they assert that the Court's MTD II Order somehow "creates new theories" or endorses a "categorical reading of *Patel* [*v. Facebook*, 932 F.3d 1264 (9th Cir. 2019)]", what they ultimately take issue with is *how* the

3

Court applied controlling Supreme Court and Ninth Circuit standing standards to the particulars of this case's (alleged) facts.[2] That district courts may reach different conclusions when applying these standards to unique factual scenarios is unremarkable, and does not necessitate an immediate appeal. Were it otherwise, parties could seek interlocutory appeal of virtually any ruling with which they disagree, even at the motion to dismiss stage. And this outcome would be in serious tension with the principle that resorting to the "narrow exception" of an interlocutory appeal is "generally disfavored." *In re Cameron, No. C*, 13-02018 SI, 2014 WL 1028436, at *4 (N.D. Cal. Mar. 17, 2014); *see also Siegler v. Sorrento Therapeutics, Inc.*, No. 318CV01681GPCNLS, 2019 WL 2549248, at *2 (S.D. Cal. June 20, 2019) (Section 1292(b) was not intended to "open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation."). In short, this case does not involve the sort of "controlling question of law" that would justify an immediate appeal.

If warranted, Defendants can reassert their standing arguments in a summary judgment motion once an actual factual record is developed. But the Court has little trouble concluding that the denial of Defendants' motion to dismiss does not warrant granting the extraordinary discretionary relief of an immediate interlocutory appeal.

## IV. CONCLUSION

The Court **DENIES** Defendants' motion for certification of interlocutory appeal, Dkt. No. 134.

**IT IS SO ORDERED.**

Dated: 1/23/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] For example, Defendants' repeated insinuation that the Court's ruling assessing the sufficiency of the allegations in the 121-page complaint somehow was not "fact-specific," Dkt. No. 13, is simply baseless.

4