UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANELA SUNGA, et al.,

Plaintiffs,

v.

NAVER CORPORATION, et al.,

Defendants.

Case No.  21-cv-05143-HSG

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**

Re: Dkt. Nos. 299, 302, 311, 316, 317, 328, 330, 338

Pending before the Court are the motions to seal related to the Second Amended Complaint ("SAC") and the parties' briefing for the  motions to dismiss.  Dkt. Nos. 299, 302, 311, 316, 317, 328, 330, and 338.  The Court **GRANTS IN PART AND DENIES IN PART** the motions.

I.    **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  *Id.* at 1178–79 (citations, internal quotation marks, and alterations omitted).  For example, a court may order sealing under the "compelling reasons" standard of confidential and proprietary business

information when public disclosure of such information "could result in improper use by business competitors." *See Hyams v. CVS Health Corp.*, No. 18-CV-06278-HSG, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023).

Records attached to motions that are only "tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. Proc. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

When a party seeks to seal a document that has been designated as confidential by another party or non-party, the party filing the sealing motion need not satisfy the showing described above. *See* Civ. L.R. 79-5(f)(1). Instead, within seven days of the motion's filing, the designating party must file a statement or declaration justifying the reasons for keeping the document or information under seal. *Id.* 79-5(f)(3). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed material without further notice to the designating party. *Id.*

## II.   DISCUSSION

Because the parties seek to seal documents related to the operative complaint and motions to dismiss that are more than "tangentially related to the merits of the case," the Court applies the "compelling reasons" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1101.

### A.   Dkt. Nos. 299, 302, 317, 328, 330

Plaintiffs filed four administrative motions to consider whether another party's materials should be sealed. See Dkt. Nos. 299, 302, 328, 330. The first two requests relate to the second amended complaint ("SAC"). Plaintiffs filed the SAC under seal because it contains references to Defendants' 30(b)(6) representatives' testimony and accompanying exhibits, as well as documents obtained during jurisdictional discovery, which Defendants had designated confidential or highly

United States District Court
Northern District of California

confidential under the parties' stipulated protective order.  *See* Dkt. No. 299 at 2; Dkt. No. 302 at 2.  Plaintiffs' second two requests concern documents filed in support of their oppositions to Defendants' motions to dismiss.  *See* Dkt. No. 328 at 2; Dkt. No. 330 at 2.

Additionally, Defendants NAVER Corporation, NAVER Cloud Corporation, and SNOW Corporation and SNOW Inc. filed an administrative motion to consider whether another party's materials should be sealed.  Dkt. No. 317.  They ask that the Court consider sealing certain exhibits to a declaration filed in support of their motion to dismiss, because those exhibits were designated as confidential or highly confidential by co-Defendant LY Corporation.  *See* Dkt. No. 317 at 2.

As of the date of this Order, no party has filed a statement or declaration establishing why sealing is warranted in response to any of these motions.  *See* Civil Local Rule 79-5(f)(3).  Accordingly, the Court **DENIES** the motions to consider whether another party's material should be sealed, finding no sealing warranted on the record presented.  *Skillz Platform Inc. v. Avia Games Inc.*, No. 21-cv-02436-BLF, 2023 WL 6429770, at *2 (N.D. Cal. October 2, 2023) (declining to seal documents because designating party failed to file a statement or response as required by Civil Local Rule 79-5(f)(3)).

### B.    Dkt. No. 311

Defendant LY Corporation ("LY Corp.") asks the Court to seal limited portions of its motion to dismiss and two declarations filed in support of that motion.  Dkt. No 311 at 3.  According to LY Corp., these documents disclose the percentage of net sales it receives as part of the ongoing revenue sharing agreement with LINE Plus, as well as revenue from the sale of Stickers, themes, and emojis.  *Id.*

LY Corp. argues that sealing is appropriate because disclosure of this information would force it to suffer "specific competitive harm."  *Id.*  First, because competitors could use information about the precise percentage of net sales to interfere with or undermine LY Corp.'s business relationships, or disclosure would otherwise have a negative impact on those relationships.  *Id.* at 4.  And second, because disclosure of information about the sale of Stickers, themes, and emojis would allow competitors to benchmark their own performance, develop

comparative income streams, or adjust pricing and profitability models. Having reviewed the declarat, the Court is persuaded that disclosing this information could reveal Defendants' proprietary information and put them at a competitive disadvantage. *Cf. Guzik Tech. Enters., Inc. v. W. Digit. Corp.*, 2013 WL 6576266, at *7 (N.D. Cal. Dec. 13, 2023) (redacting sales volume information, sales revenue information, and associated profits). The Court agrees that many of the proposed redactions are narrowly tailored to seal specific quantitative references to otherwise internal data. However, the Court finds that the proposed redactions to the motion to dismiss are overly broad to accomplish this legitimate purpose, and should be limited to the actual percentage amount of revenue and the geographic location forming the basis for the calculation. *See* Dkt. No. 312 at 7:22–23; 7:28–8:1.

Accordingly, the Court **DENIES** the motion with respect to LINE Corp.'s motion to dismiss. LINE Corp. is **ORDERED** to submit any renewed motion identifying narrower redactions in this document within 7 days of this order. The Court finds compelling reasons to **GRANT** the remainder of Dkt. No. 311.

### C.    Dkt. No. 316

Defendants NAVER Cloud Corporation ("NCC") and SNOW Corporation ("SNOW Corp.") filed an administrative motion asking the Court to seal three exhibits in support of their motion to dismiss. Dkt. No. 316 at 2; Dkt. No. 316-1 ¶ 6 (seeking partial redactions in one exhibit and complete redactions in two more). NCC and SNOW Corp. seek to seal "confidential and proprietary information concerning NCC's and SNOW's databases and servers," including their location. Dkt. No. 316 at 2. Disclosure of this information, they argue, "would cause competitive harm to [them] by potentially giving bad actors a roadmap to locating sensitive information in its server systems, causing harm to its customers." *Id.* at 3.

Courts have granted similar requests where disclosing information about a party's server would risk competitive harm. *See 3D Sys., Inc. v. Wynne*, 2024 WL 1122377, at *2 (S.D. Cal. Mar. 14, 2024) (sealing documents that displayed the pathway where information was stored on servers that "could be a vehicle for improper use of confidential information and access to Plaintiff's trade secrets."); *see also* Dkt. No. 279 at 2. Having reviewed the documents, the Court

finds there are compelling reasons to seal them given the risk of competitive harm if NCC's and SNOW Corp.'s confidential and proprietary information is divulged. The Court also finds that narrower redactions that avoid disclosing this information are either not possible or would give minimal additional access to the public. Accordingly, the Court **GRANTS** the motion.

### D.    Dkt. No. 338

Defendant LINE Euro-Americas Corporation ("LINE E-A") filed an administrative motion asking the Court to seal limited portions of an exhibit filed with its reply brief in support of its motion to dismiss. Dkt. No. 338 at 3; Dkt. No. 338-2 ¶ 3. LINE E-A seeks partial redactions of the dollar amounts of individually negotiated discount rates with specific business partners; dollar amounts of weekly budges and actual spend for certain media campaigns; detailed metrics for certain media campaigns, including the number of impressions, cost of the campaigns per user, and average weekly spend; and data reflecting the weekly percentage changes to user metrics like daily registered users in connection with specific media campaigns. *Id.*

LINE-EA argues that this information, even if it concerns past media campaigns, "remains competitively sensitive." Dkt. No. 338 at 4. Specifically, they assert that disclosure allow competitors to gain insights into LINE-EA's performance metrics for specific campaigns, which competitors could use to "benchmark their own performance, develop competing strategies, or adjust their pricing models." *Id.* The Court agrees that disclosing the information in these documents "could reveal [LINE-EA's] proprietary information and put them at a competitive disadvantage." *Iron Workers Local 580 Joint Funds, v. NVIDIA Corp*., No. 18-CV-07669-HSG, 2026 WL 637331, at *2 (N.D. Cal. Mar. 6, 2026). Further, the Court finds that even though the information sought to be sealed concerns past media campaigns, the potential competitive harm posed by its disclosure outweighs any benefit of public access under the circumstances. Accordingly, the Court **GRANTS** the motion.

### III.    CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Dkt. No. 311, **GRANTS** Dkt. Nos. 316, and 338 and **DENIES** Dkt. Nos. 299, 302, 317, 328, 330. Documents filed under seal as to which the administrative motions are granted will remain under seal. *See* Civ. L.R. 79-

5(g)(1).

**IT IS SO ORDERED.**

Dated:  3/18/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge