UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANELA SUNGA, et al., | Case No. 21-cv-05143-HSG |
| Plaintiffs, | **AMENDED ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL** |
| v. | |
| NAVER CORPORATION, et al., | Re: Dkt. Nos. 299, 302, 311, 316, 317, 328, 330, 338 |
| Defendants. | |

Pending before the Court are the motions to seal related to the Second Amended Complaint ("SAC") and the parties' briefing for the  motions to dismiss.  Dkt. Nos. 299, 302, 311, 316, 317, 328, 330, and 338.  The Court **GRANTS IN PART AND DENIES IN PART** the motions.

## I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  *Id.* at 1178–79 (citations, internal quotation marks, and alterations omitted).  For example, a court may order sealing under the "compelling reasons" standard of confidential and proprietary business

United States District Court
Northern District of California

information when public disclosure of such information "could result in improper use by business competitors." *See Hyams v. CVS Health Corp.*, No. 18-CV-06278-HSG, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023).

Records attached to motions that are only "tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. Proc. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

When a party seeks to seal a document that has been designated as confidential by another party or non-party, the party filing the sealing motion need not satisfy the showing described above. *See* Civ. L.R. 79-5(f)(1). Instead, within seven days of the motion's filing, the designating party must file a statement or declaration justifying the reasons for keeping the document or information under seal. *Id.* 79-5(f)(3). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed material without further notice to the designating party. *Id.*

## II.   DISCUSSION

Because the parties seek to seal documents related to the operative complaint and motions to dismiss that are more than "tangentially related to the merits of the case," the Court applies the "compelling reasons" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1101.

### A.   Dkt. Nos. 299, 302

Plaintiffs filed two related administrative motions to consider whether another party's materials should be sealed. See Dkt. Nos. 299, 302.[1] Each concerns the Second Amended Complaint, Dkt. No. 326, which Plaintiffs filed in redacted form because it references materials

---

[1] Plaintiffs' first request, Dkt. No. 299, was replaced by its subsequent request, Dkt. No. 302. *See* Dkt. No. 300.

produced in jurisdictional discovery that were designated confidential or highly confidential under the parties' stipulated protective order. Dkt. No. 302 at 2–3. Defendant LY Corporation ("LY Corp.") filed a timely response proposing narrower redactions. Dkt. No. 307.

LY Corp. asks the Court to seal three lines from the second amended complaint. Dkt. No. 307 ¶ 3. Specifically, LY Corp. seeks to seal a reference to the percentage of net sales it receives as part of its ongoing revenue-sharing agreement with LINE Plus, as well as the number of servers located at a single data center and their specific purpose. *Id.* ¶ 4. LY Corp. argues that these allegations contain confidential information that would give rivals an advantage to which they would not otherwise have access, because it operates in a highly competitive and rapidly evolving market where "even marginal informational advantages can significantly impact competitive positioning." *Id.* ¶ 5. Having reviewed the complaint, the Court agrees that disclosing this information could reveal Defendants' proprietary information and put them at a competitive disadvantage. *Cf. Guzik Tech. Enters., Inc. v. W. Digit. Corp.*, 2013 WL 6576266, at *7 (N.D. Cal. Dec. 13, 2023) (redacting sales volume information, sales revenue information, and associated profits). However, the Court finds that one of the proposed redactions to the complaint is overly broad to accomplish this legitimate purpose: LINE Corp.'s redaction to Paragraph 149 of the complaint should be limited to the actual percentage of net sales.

Accordingly, the Court **DENIES** the motion with respect to the current proposed redaction regarding the percentage of net sales and **DIRECTS** LY Corp. to submit a renewed declaration identifying narrower redactions consistent with the direction above within 7 days of this Order.[2] The Court finds compelling reasons to **GRANT** motion as to the remainder of redactions identified by LY Corp. The Court **DENIES** the remainder of the motion to seal addressing the other excerpts in the complaint, as LY Corp. has not argued that this material is confidential and

---

[2] The Court also **DIRECTS** LY Corp. to harmonize redactions in response to Dkt. No. 302 with those in response to Dkt. No. 317, since those motions concern redactions to the SAC and a redlined version of the SAC, respectively. For example, LY Corp. does not consistently ask for redactions to ¶ 121 of the complaint. *Cf.* Dkt. No. 307-1 (proposing no redactions) and Dkt. No. 321 ¶ 4 (proposing redactions). The Court suspects that the inconsistency in the sealing requests is due to the volume of material at issue. However, the Court will take any further inconsistencies into account as it considers whether sealing is appropriate.

subject to seal.  Additionally, because Plaintiffs' filing of Dkt. No. 302 replaced Dkt. No. 299, the Court **TERMINATES AS MOOT** Dkt. No. 299.

### B.    Dkt. No. 317

Defendants NAVER Corporation, NAVER Cloud Corporation, and SNOW Corporation and SNOW Inc. filed an administrative motion to consider whether another party's materials should be sealed.  Dkt. No. 317.  They ask that the Court consider sealing certain exhibits to a declaration filed in support of their motion to dismiss, because those exhibits were designated as confidential or highly confidential by co-Defendant LY Corporation.  *See* Dkt. No. 317 at 2.  LY Corp. filed a timely response.  Dkt. No. 321.  LY Corp. asks the Court to consider sealing portions of a redlined version of Plaintiffs' second amended complaint and fully sealing another exhibit, both of which were filed in support of its motion to dismiss.

As to the redlined version of the SAC, LY Corp. again seeks to seal references to the percentage of net sales it receives as part of its ongoing revenue-sharing agreement with LINE Plus, as well as the number of servers located at a single data center and their specific purpose. LY Corp. argues that it would face competitive harm from disclosure of this information. Consistent with the Court's analysis above, the Court agrees.  However, the Court again finds that the proposed redactions to paragraphs 121 and 149 are overly broad and should be limited to the actual percentage of net sales, and also that they are inconsistent with the proposed redactions in response to Dkt. No. 302.  *See supra.*

LY Corp. also asks the Court to fully seal an exhibit filed in support of its motion to dismiss, which contains proprietary information about 31 data centers.  LY Corp. asserts that disclosure of the document would reveal the addresses, purposes, and internal code of each data center, as well as the number of servers and operators and access control restrictions at each, which is not publicly known.  Dkt. No. 321 ¶¶ 5, 9.  LY Corp. also argues that the disclosure of this information "would create security threats to the data centers and their operators."  *Id.* ¶ 8. The Court agrees that disclosing this information could reveal highly sensitive, confidential, and proprietary business information that would result in harm to LY Corp.'s competitive standing. And the Court is persuaded that narrower redactions could harm LY Corp. and would grant the

United States District Court
Northern District of California

public only minimal additional access.

Accordingly, the Court **DENIES** the motion with respect to the current proposed redaction regarding the percentage of net sales and **DIRECTS** LY Corp. to submit a renewed declaration identifying narrower redactions within consistent with the direction above 7 days of this Order. The Court finds compelling reasons to **GRANT** the motion as to the remainder of redactions identified by LY Corp. The Court **DENIES** the remainder of the motion to seal addressing the other excerpts in the redlined complaint, as LY Corp. has not argued that this material is confidential and subject to seal.

### C.    Dkt. Nos. 328 and 330

Plaintiffs filed two more administrative motion to consider whether another party's materials should be sealed. Dkt. No. 317. *See* Dkt. No. 328 at 2; Dkt. No. 330 at 2. The first request concerns Plaintiffs' opposition to NAVER's motion to dismiss, which contained information that LY Corp. designated as confidential during jurisdictional discovery. The second request concerns their opposition to the LINE Defendants' motion to dismiss. Defendant LY Corp. filed a timely response. Dkt. Nos. 334, 335.

LY Corp. first asks the Court to seal information in Plaintiffs' opposition to its motion to dismiss reflecting the number of U.S. LINE Messenger users and the percent of global sticker sales from the United States. Dkt. No. 334 ¶ 6. Disclosure of this information would cause competitive harm, LY Corp. argues, by allowing rivals to assess the company's current and historic market penetration and financial performance metrics, and the effectiveness of certain income streams. *Id.* Consistent with its earlier analysis, the Court agrees that disclosure of this information could pose competitive harm to LY Corp. However, the Court finds that the proposed redaction of the percent of global sticker sales is not narrowly tailored, and that only the numerical value should be sealed.

LY Corp. next asks the Court to seal portions of Plaintiffs' opposition to its motion to dismiss and certain exhibits (in part or in full) because they discuss specific contract terms or constitute contracts or contract negotiations that are competitively sensitive. *Id.* ¶ 7 (seeking to seal Plaintiff's Opp. at 6:9–10 and 6:19–7:3, Nye Decl. Exs. F, I, M, and T in full, and portions of

United States District Court
Northern District of California

United States District Court
Northern District of California

Nye Decl. Exs. J and N). Disclosure of this information, LY Corp. argues, could allow competitors to unfairly interfere with or undermine its current business relationships, or impact its prospective business relationships. *Id.* LY Corp. also argues that the fully executed business contracts should remain fully sealed because, even though they were executed between 2013–2018, they contain information that would give rivals insights into proprietary business practices and certain of their terms remain confidential. *Id.* Additionally, LY Corp. argues that all the contracts "continue to have competitive value" because, for example, the contracts reflect negotiating strategies and financial information related to pricing. *Id.* Having reviewed the documents, the Court agrees there are compelling reasons to seal documents that reference the contract terms, reflect negotiations concerning those terms, or constitute the contracts themselves. *See DeMartini v. Microsoft Corp.*, No. 22-cv-08991-JSC, 2023 WL 4205770, at *3 (N.D. Cal. June 26, 2023) (sealing entire contracts, as well as excerpts of deposition testimony reflecting contract terms).

Third, LY Corp. asks the Court to seal narrow portions of Plaintiffs' oppositions to the motions to dismiss, as well as an exhibit with information about 31 data centers. Dkt. No. 334 ¶¶ 4, 8 (seeking redactions of NAVER Opp. 21:4, LY Corp. Opp. 8:5–6, and Nye Decl. Ex. G). Specifically, LY Corp. seeks to redact Plaintiffs' references in its briefing to the number of servers located at one data center and the specific purpose of another data center. *Id.* Additionally, LY Corp. asks that an exhibit be redacted in full because it contains a chart that would disclose the address, purpose, and internal code for each data center, as well as the number of servers, number of operators, and access control restrictions at each data center. *Id.* ¶ 8. Consistent with the analysis above, the Court agrees that LY Corp. would face competitive harm from the disclosure of this information and that the proposed redactions are sufficiently narrowly tailored.

Finally, LY Corp. asks the Court to seal three exhibits in their entirety, which each "comprise internal business strategy presentations" that contain detailed and proprietary analysis and prospective business proposals. *Id.* ¶ 9 (seeking redactions to Nye Decl. Exs. H, K, and L). Although these exhibits reflect historical proposals, LY Corp. argues, they remain competitively sensitive because if disclosed, rivals could use these documents to assess how it prioritizes various

United States District Court
Northern District of California

markets, allocates resources, and plans for growth. *Id.* And although some of the strategies proposed in these presentations were not ultimately implemented, LY Corp. argues, their disclosure would still pose competitive harm because they offer a "roadmap" of its contemplated initiatives and criteria for evaluating its business strategy, which competitors could exploit to their advantage. *Id.* Having reviewed the documents, the Court agrees that disclosing this information could reveal highly sensitive and proprietary business information that would result in competitive harm to LY Corp. *See Krieger v. Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing presentation that contained "long-term financial predictions, discussions of business strategy, and competitive analyses"). The Court is once more persuaded that narrower redactions could harm Defendants and would grant the public only minimal additional access.

Accordingly, the Court **DENIES** the motion with respect to the current proposed redaction regarding the percentage of global sticker sales and **DIRECTS** LY Corp. to submit a renewed declaration identifying narrower redactions consistent with the direction above within 7 days of this order. The Court finds compelling reasons to **GRANT** the motions as to the remainder of the redactions identified by LY Corp. The Court **DENIES** the remainder of the motion to seal addressing the other excerpts in Plaintiffs' opposition briefing, since LY Corp. has not argued that this material is confidential and subject to seal.

### D.    Dkt. No. 311

Defendant LY Corporation ("LY Corp.") asks the Court to seal limited portions of its motion to dismiss and two declarations filed in support of that motion. Dkt. No 311 at 3. According to LY Corp., these documents disclose the percentage of net sales it receives as part of the ongoing revenue sharing agreement with LINE Plus, as well as revenue from the sale of Stickers, themes, and emojis. *Id.*

LY Corp. argues that sealing is appropriate because disclosure of this information would force it to suffer "specific competitive harm." *Id.* First, because competitors could use information about the precise percentage of net sales to interfere with or undermine LY Corp.'s business relationships, or disclosure would otherwise have a negative impact on those relationships. *Id.* at 4. And second, because disclosure of information about the sale of Stickers,

themes, and emojis would allow competitors to benchmark their own performance, develop comparative income streams, or adjust pricing and profitability models.  Having reviewed the documents, the Court is persuaded that disclosing this information could reveal Defendants' proprietary information and put them at a competitive disadvantage.  *Cf. Guzik Tech. Enters., Inc. v. W. Digit. Corp.*, 2013 WL 6576266, at *7 (N.D. Cal. Dec. 13, 2023) (redacting sales volume information, sales revenue information, and associated profits).  The Court agrees that many of the proposed redactions are narrowly tailored to seal specific quantitative references to otherwise internal data.  However, the Court finds that the proposed redactions to the motion to dismiss are overly broad to accomplish this legitimate purpose, and should be limited to the actual percentage amount of revenue and the geographic location forming the basis for the calculation.  *See* Dkt. No. 312 at 7:22–23; 7:28–8:1.

Accordingly, the Court **DENIES** the motion with respect to LINE Corp.'s motion to dismiss.  LINE Corp. is **ORDERED** to submit any renewed motion identifying narrower redactions in this document within 7 days of this order.  The Court finds compelling reasons to **GRANT** the remainder of Dkt. No. 311.

### E.    Dkt. No. 316

Defendants NAVER Cloud Corporation ("NCC") and SNOW Corporation ("SNOW Corp.") filed an administrative motion asking the Court to seal three exhibits in support of their motion to dismiss.  Dkt. No. 316 at 2; Dkt. No. 316-1 ¶ 6 (seeking partial redactions in one exhibit and complete redactions in two more).  NCC and SNOW Corp. seek to seal "confidential and proprietary information concerning NCC's and SNOW's databases and servers," including their location.  Dkt. No. 316 at 2.  Disclosure of this information, they argue, "would cause competitive harm to [them] by potentially giving bad actors a roadmap to locating sensitive information in its server systems, causing harm to its customers."  *Id.* at 3.

Courts have granted similar requests where disclosing information about a party's server would risk competitive harm.  *See 3D Sys., Inc. v. Wynne*, 2024 WL 1122377, at *2 (S.D. Cal. Mar. 14, 2024) (sealing documents that displayed the pathway where information was stored on servers that "could be a vehicle for improper use of confidential information and access to

Plaintiff's trade secrets."); *see also* Dkt. No. 279 at 2.  Having reviewed the documents, the Court finds there are compelling reasons to seal them given the risk of competitive harm if NCC's and SNOW Corp.'s confidential and proprietary information is divulged.  The Court also finds that narrower redactions that avoid disclosing this information are either not possible or would give minimal additional access to the public.  Accordingly, the Court **GRANTS** the motion.

### F.    Dkt. No. 338

Defendant LINE Euro-Americas Corporation ("LINE E-A") filed an administrative motion asking the Court to seal limited portions of an exhibit filed with its reply brief in support of its motion to dismiss.  Dkt. No. 338 at 3; Dkt. No. 338-2 ¶ 3.  LINE E-A seeks partial redactions of the dollar amounts of individually negotiated discount rates with specific business partners; dollar amounts of weekly budges and actual spend for certain media campaigns; detailed metrics for certain media campaigns, including the number of impressions, cost of the campaigns per user, and average weekly spend; and data reflecting the weekly percentage changes to user metrics like daily registered users in connection with specific media campaigns.  *Id.*

LINE-EA argues that this information, even if it concerns past media campaigns, "remains competitively sensitive."  Dkt. No. 338 at 4.  Specifically, they assert that disclosure allow competitors to gain insights into LINE-EA's performance metrics for specific campaigns, which competitors could use to "benchmark their own performance, develop competing strategies, or adjust their pricing models."  *Id.*  The Court agrees that disclosing the information in these documents "could reveal [LINE-EA's] proprietary information and put them at a competitive disadvantage."  *Iron Workers Local 580 Joint Funds, v. NVIDIA Corp.*, No. 18-CV-07669-HSG, 2026 WL 637331, at *2 (N.D. Cal. Mar. 6, 2026).  Further, the Court finds that even though the information sought to be sealed concerns past media campaigns, the potential competitive harm posed by its disclosure outweighs any benefit of public access under the circumstances.  Accordingly, the Court **GRANTS** the motion.

### III.    CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Dkt. Nos. 302, 311, 317, 328, and 330, **GRANTS** Dkt. Nos. 316, and 338 and **TERMINATES AS MOOT** Dkt. No. 299.

Documents filed under seal as to which the administrative motions are granted will remain under seal. *See* Civ. L.R. 79-5(g)(1).

**IT IS SO ORDERED.**

Dated:   3/19/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge