Jonathan M. Rotter – State Bar No. 234137
**GLANCY PRONGAY WOLKE & ROTTER LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Tel.: (310) 201-9150
Fax.: (310) 201-9160
info@glancylaw.com

Marc E. Masters – State Bar No. 208375
**BIRD MARELLA RHOW LINCENBERG DROOKS & NESSIM LLP**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Tel.: (310) 201-2100
Fax.: (310) 201-2110
mmasters@birdmarella.com

Amy E. Keller (admitted *pro hac vice*)
Nada Djordjevic (admitted *pro hac vice*)
**DICELLO LEVITT LLP**
Ten North Dearborn Street Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214.7900
akeller@dicellolevitt.com

Martin J. Cristopher Santos – State Bar No. 306346
**COHEN WILLIAMS LLP**
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: (213) 232-5162
Fax: (213) 232-5167
csantos@cohen-williams.com

Lesley E. Weaver – State Bar No. 191305
**STRANCH JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 300
Oakland, California 94607
Tel. (341) 217-0550
lweaver@stranchlaw.com

*Attorneys for Plaintiffs and the Putative Class
Additional Counsel Appear on Signature Block*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| Ranela Sunga, Stefanie Bonner, Senna Chen, and Justin Bologna individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NAVER CORPORATION, a corporation; NAVER CLOUD CORPORATION, a corporation; NAVER CLOUD AMERICA INC. f/k/a NAVER BUSINESS PLATFORM AMERICA INC., a corporation; SNOW CORPORATION, a corporation; SNOW INC., a corporation; LY CORPORATION. f/k/a Z HOLDINGS CORPORATION, a corporation; LINE CORPORATION/LY CORPORATION, a corporation; LINE PLUS CORPORATION, a corporation; and LINE EURO-AMERICAS CORPORATION, a corporation.<br><br>Defendants. | Case No.  4:21-cv-05143-HSG<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ENTRY OF RULE 54(b) PARTIAL FINAL JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Court:  Courtroom 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr.<br><br>Date: June 25, 2026<br>Time: 2:00 p.m. |

**TO THE HONORABLE COURT AND ALL PARTIES:**

**PLEASE TAKE NOTICE** that on June 25, 2026 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Oakland Division, Courtroom 2, 4th Floor, located at 1301 Clay Street, Oakland, CA 94612, Plaintiffs Ranela Sunga, Stefanie Bonner, Senna Chen, and Justin Bologna (collectively, "Plaintiffs") respectfully move this Court to enter a partial final judgment, pursuant to Federal Rule of Civil Procedure 54(b), of its April 23, 2026 Order Granting in Part and Denying in Part Motions to Dismiss the Second Amended Complaint (the "Order") as to the dismissal of all claims against LY Corporation (f/k/a Z Holdings Corporation), LINE Corporation/LY Corporation, NAVER Corporation, and NAVER Cloud Corporation on the ground that the Court lacked personal jurisdiction over those parties.

This Motion is based on this Notice, the supporting Memorandum of Points and Authorities ("Memorandum"), the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing on this Motion.

MOTION FOR ENTRY OF RULE 54(b) PARTIAL
FINAL JUDGMENT

Case No. 4:21-cv-05143-HSG

1

**TABLE OF CONTENTS**

I.      STATEMENT OF ISSUES TO BE DECIDED.................................................................. 1

II.     INTRODUCTION............................................................................................................ 1

III.    PROCEDURAL HISTORY ............................................................................................. 1

IV.     LEGAL STANDARD ..................................................................................................... 2

V.      ARGUMENT .................................................................................................................. 3

      A.      The Order Dismissing the Claims Against the Foreign Defendants for Lack of Personal Jurisdiction Is A Final Judgment Because It Disposes of Every Claim Against Them Without Leave to Amend ................................................................ 3

      B.      There is No Just Reason to Delay Entry of Final Judgment Because the Jurisdictional Question is Severable and No Further 12(b)(2) Motions Can Be Brought ............... 4

VI.     CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

## CASES

*Animale Grp., Inc. v. Sunny's Perfume, Inc.*,
  No. 5:07-cv-13, 2007 WL 2010476 (S.D. Tex. July 5, 2007)........................................................ 5

*Briskin v. Shopify, Inc.*,
  135 F.4th 739 (9th Cir. 2025).......................................................................................................... 4

*Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*,
  819 F.2d 1519 (9th Cir. 1987).......................................................................................................... 4

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993)................................................................................................... 2, 4, 5

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
  446 U.S. 1 (1980) ............................................................................................................................ 2, 5

*Freeplay Music, Inc. v. Cox Radio, Inc.*,
  2005 WL 2464571 (S.D.N.Y. Oct. 5, 2005) ................................................................................... 5

*Israel v. Alfa Laval, Inc.*,
  No. 8:20-CV-2133-02AAS, 2021 WL 3260196 (M.D. Fla. July 30, 2021) ................................. 3

*James v. Price Stern Sloan, Inc.*,
  283 F.3d 1064 (9th Cir. 2002).......................................................................................................... 2, 4

*JH Kelly, LLC v. AECOM Tech. Servs., Inc.*,
  No. 20-CV-05381-HSG, 2021 WL 5712158 (N.D. Cal. Dec. 2, 2021) ....................................... 3

*Kolawole v. Sellers*,
  863 F.3d 1361 (11th Cir. 2017)........................................................................................................ 3

*Lewis v. Travertine, Inc.*,
  No. 2:17-CV-00016-CAS (JCx), 2017 WL 2989176 (C.D. Cal. July 12, 2017) ........................ 4

*Pakootas v. Teck Cominco Metals, Ltd.*,
  905 F.3d 565 (9th Cir. 2018)............................................................................................................ 2

*Sheehan v. Atlanta Int'l Ins. Co.*,
  812 F.2d 465 (9th Cir. 1987)............................................................................................................ 2

*Texaco, Inc. v. Ponsoldt*,
  939 F.2d 794 (9th Cir. 1991)............................................................................................................ 2

*Torres v. City of Madera*,
  655 F. Supp. 2d 1109 (E.D. Cal. 2009)........................................................................................... 5

*Wood v. GCC Bend, LLC,*
    422 F.3d 873 (9th Cir. 2005) ............................................................................................. 4

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,*
    433 F.3d 1199 (9th Cir. 2006) ........................................................................................... 2

**<u>RULES</u>**

Fed. R. Civ. P. 12 ........................................................................................................... 1, 3, 4

Federal Rule of Civil Procedure 54(b) ....................................................................... *passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should certify the Court's dismissal of claims against Defendants LY Corporation (f/k/a Z Holdings), LINE Corporation/LY Corporation, NAVER Corporation, and NAVER Cloud Corporation as a partial final judgment under Federal Rule of Civil Procedure 54(b).

## II.    INTRODUCTION

Plaintiffs seek entry of final judgment under Federal Rule of Civil Procedure 54(b) as to Defendants LY Corporation (f/k/a Z Holdings Corporation), LINE Corporation/LY Corporation, NAVER Corporation, and NAVER Cloud Corporation (collectively "foreign Defendants") based on this Court's Order dismissing the foreign Defendants for lack of personal jurisdiction without leave to amend, Dkt. No. 361 (the "Order"). The Order disposed of all personal jurisdiction disputes between the parties and all claims against the foreign Defendants.  Since there is no just reason to delay appeal of the judgment, the Court should enter a final judgment as to the foreign Defendants.

## III.    PROCEDURAL HISTORY

This case, filed in 2021, has been pending for nearly five years.  Plaintiffs' Second Amended Complaint ("SAC"), filed May 12, 2025, alleges that the NAVER, SNOW, and LINE Defendants[1] engaged in significant privacy violations.  The NAVER/SNOW Defendants and LINE Defendants each moved separately to dismiss the SAC. Dkt. No. 312 ("LINE Mot."); Dkt. No. 314 ("NAVER/SNOW Mot.").  In these motions, the foreign NAVER Defendants and foreign LINE Defendants moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  LINE Mot. at 3-18; NAVER Mot. at 5-21.  The Court agreed with foreign Defendants, dismissing the claims in the SAC against them for lack of personal jurisdiction.  Order at 25.  Plaintiffs now request that the Court enter partial final judgment based on that dismissal.

---

[1] The NAVER Defendants are NAVER Corporation, NAVER Cloud Corporation, and NAVER Cloud America Inc. The SNOW Defendants are SNOW Corporation and SNOW Inc. The LINE Defendants are LY Corporation (f/k/a Z Holdings), LINE Corporation/LY Corporation, LINE Plus Corporation, and LINE Euro-Americas Corporation.

## IV.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . . *or when multiple parties* are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims *or parties* only if the court expressly determines that there is no just reason for delay" (emphasis added).  Entry of judgment under Rule 54(b) requires a determination by the court that: (1) the decision at issue is a final judgment; and (2) there is no just reason for delay of entry.  *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018).  Entry of judgment under Rule 54(b) is also referred to as a "certification," but "[r]eferring to a Rule 54(b) severance order as a 'certification' misleadingly brings to mind the kind of rigorous judgment embodied in the section 1292(b) certification process.  In reality, issuance of a Rule 54(b) order is a fairly routine act that is reversed only in the rarest instances." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068, n.6 (9th Cir. 2002).

A final judgment is "a decision upon a cognizable claim for relief" resulting in "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (internal quotation marks omitted).  Once a court confirms a final judgment exists, it must then determine whether there is any just reason to delay entry of the judgment.  *Id.* at 8.  Under this prong, certification is proper when "it will aid 'expeditious decision' of the case."  *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (quoting *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987)).  "The Rule 54(b) claims do not have to be separate from and independent of the remaining claims" to be appropriate for certification.  *Id*.

Where some, but not all, defendants are dismissed for a threshold issue related to jurisdiction or forum, courts routinely find no just reason for delay in entering final judgment under Rule 54(b) as to the dismissed defendants.  Thus, in *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482 (9th Cir. 1993), *holding modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006), the Ninth Circuit affirmed the District Court's certification under Rule 54(b) of an order dismissing for lack of personal jurisdiction.  *Id*. at 1484  ("We are satisfied that dealing with the jurisdictional issue now may obviate the need for a second trial, and thus aids

expeditious decision of the case."); *see also Kolawole v. Sellers*, 863 F.3d 1361, 1366-69 (11th Cir. 2017) (affirming Rule 54(b) certification where some, but not all, claims and parties were dismissed on forum non conveniens grounds).

## V.     ARGUMENT

### A.     The Order Dismissing the Claims Against the Foreign Defendants for Lack of Personal Jurisdiction Is A Final Judgment Because It Disposes of Every Claim Against Them Without Leave to Amend

The Court's dismissal of all claims against the foreign Defendants for lack of personal jurisdiction without leave to amend (Order at 31), is an ultimate disposition of those claims. *Israel v. Alfa Laval, Inc.*, No. 8:20-CV-2133-02AAS, 2021 WL 3260196, at \*1 (M.D. Fla. July 30, 2021) (dismissal of the defendants without the ability to add them back into the case is "sufficiently final for the purposes of Rule 54(b)."). The portion of the Court's Order dismissing the claims against the foreign Defendants is accordingly a final judgment as to the claims against them.

This case is distinguishable from other cases in which Rule 54(b) certification was denied because the judgment sought to be certified related to a live issue in litigation against remaining defendants. In *JH Kelly, LLC v. AECOM Tech. Servs., Inc.*, this Court denied certification under Rule 54(b) of a judgment dismissing claims against a defendant under Rule 12(b)(6) for failure to state a claim. No. 20-CV-05381-HSG, 2021 WL 5712158, at \*2 (N.D. Cal. Dec. 2, 2021) (Gilliam, J.). That was because the claim against the defendant relied on the invalidity of the plaintiff's mechanic's lien, an issue which was still being actively litigated between the plaintiff and the defendant's contractor in the same litigation. *Id.* By contrast, in this case, the question of whether the foreign Defendants had sufficient contacts with the local forum for the court to exercise personal jurisdiction over them does not overlap with any outstanding questions being litigated by the remaining Defendants. And, there is no chance that other parties will seek to challenge their own personal jurisdiction, as the remaining Defendants have waived the issue by not raising it in their motions to dismiss. *See* Fed. R. Civ. P. 12(h)(1).[2]

---

[2] *JH Kelly* is also distinguishable in that the issue of the mechanic's lien was slated to be resolved at trial between the plaintiff and the contractor within three months of the decision, reducing the impact of delay if the Rule 54(b) motion was not granted. *Id.* Here, the case, despite its age, is still

Moreover, the finality of the dismissal of the foreign Defendants meets the Ninth Circuit's "pragmatic approach focusing on severability and efficient judicial administration." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005) (quoting *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987)).  The finality requirement here is met.

**B.    There is No Just Reason to Delay Entry of Final Judgment Because the Jurisdictional Question is Severable and No Further 12(b)(2) Motions Can Be Brought**

The "issuance of a Rule 54(b) order is a fairly routine act." *James*, 283 F.3d at 1067 n.6.Where "jurisdictional claims" are "easily severable from the merits of the lawsuit," the court should grant certification of the jurisdictional claims if it "would serve the efficient administration of justice." *Core-Vent*, 11 F.3d at 1484; *see also Lewis v. Travertine, Inc.*, No. 2:17-CV-00016-CAS (JCx), 2017 WL 2989176, at *2 (C.D. Cal. July 12, 2017) (explaining "where some, but not all, defendants are dismissed for lack of personal jurisdiction and the jurisdictional questions are independent of the merits of the underlying claims, courts routinely find no just reason for delay of entering final judgment in favor of those dismissed defendants" and collecting cases).

The jurisdictional claims here are clearly and easily severable from the merits of the case. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 755-56, n.11 (9th Cir. 2025) (en banc) (distinguishing allegations related to personal jurisdiction from those relating to the merits of a privacy case).  As such, there is no just reason for delay.  The personal jurisdictional claims revolve solely around whether the foreign Defendants had sufficient contacts with the forum state to establish specific jurisdiction. *See* Order at 8. Personal jurisdiction as to the remaining Defendants is neither contested nor at this point contestable.  Fed. R. Civ. P. 12(h)(1) (defense of lack of personal jurisdiction is among those waived by not bringing it in an earlier Rule 12 motion).

Courts routinely grant certification as to personal jurisdiction dismissals where, as here, Plaintiffs would be forced to choose between deferring claims for years or foregoing appeal and proceeding simultaneously in two separate courts. One court described the policy reasons for certifying personal jurisdiction judgments:

in the early stages of fact discovery, with a potential resolution of the claims against the remaining Defendants years away.

MOTION FOR ENTRY OF RULE 54(b) PARTIAL FINAL JUDGMENT

Case No. 4:21-cv-05143-HSG

4

> Delaying resolution of the issue forces [plaintiff] to cho[o]se between deferring its claims against [defendant] to be resolved at a much later date, either in this Court or in some other district, or withdrawing its appeal, acquiescing in this Court's decision on personal jurisdiction, and proceeding simultaneously in two courts. This would not be in the interest of efficiency or justice, as compared with presenting the Court of Appeals with a relatively straightforward judgment about whether [defendant]'s contacts with New York are sufficient to confer personal jurisdiction.

*Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04 Civ. 5238(GEL), 2005 WL 2464571, at *2 (S.D.N.Y. Oct. 5, 2005). Indeed, as one court has observed, "[o]ne would be hard-pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for lack of personal jurisdiction." *Animale Grp., Inc. v. Sunny's Perfume, Inc.*, No. 5:07-cv-13, 2007 WL 2010476, at *1 (S.D. Tex. July 5, 2007).

Plaintiffs have already been litigating this action for nearly five years. Forcing Plaintiffs to wait until complete resolution of the claims against the remaining Defendants to have judgment entered against the foreign Defendants would waste time and resources for the Court and parties, particularly if the foreign Defendants are brought back into court years later following reversal by the Ninth Circuit. *See Torres v. City of Madera*, 655 F. Supp. 2d 1109, 1135 (E.D. Cal. 2009), *rev'd and remanded*, 648 F.3d 1119 (9th Cir. 2011) (allowing an immediate appeal in part to "conserve judicial resources and avoid the parties' expenditure of vast resources on trying a case twice."). Providing finality here will expedite resolution of the case and ensure there are no unnecessary delays. *See Curtiss-Wright*, 446 U.S. at 11 (noting concern of delay of "'many months, if not years' because the rest of the litigation would be expected to continue for that period of time.") (internal citation omitted). As such, a prompt determination on this question is necessary for the expeditious resolution of this case. *See Core-Vent*, 11 F.3d at 1484 (affirming entry of Rule 54(b) judgment where "dealing with the jurisdictional issue now may obviate the need for a second trial.").

## VI.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant their motion and enter a partial final judgment certifying the Court's April 23, 2026 Order as a final judgment of dismissal of claims against foreign Defendants LY Corporation (f/k/a Z Holdings Corporation), LINE Corporation/LY Corporation, NAVER Corporation, and NAVER Cloud Corporation for lack

---

MOTION FOR ENTRY OF RULE 54(b) PARTIAL                    Case No. 4:21-cv-05143-HSG
FINAL JUDGMENT

of personal jurisdiction.

DATED:  May 20, 2026

By: */s/ Jonathan M .Rotter*
_____

Jonathan M. Rotter – State Bar No. 234137
Holly K. Nye – State Bar No. 355966
**GLANCY PRONGAY WOLKE & ROTTER LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

Lesley E. Weaver – State Bar No. 191305
  lweaver@stranchlaw.com
Joshua Samra – State Bar No. 313050
  jsamra@stranchlaw.com
**STRANCH JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 300
Oakland, California 94607
Tel.: (341) 257-0550

Ekwan E. Rhow – State Bar No. 174604
  erhow@birdmarella.com
Thomas R. Freeman – State Bar No. 135392
  tfreeman@birdmarella.com
Marc E. Masters – State Bar No. 208375
  mmasters@birdmarella.com
**BIRD   MARELLA   RHOW   LINCENBERG
DROOKS & NESSIM LLP**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Marc S. Williams – State Bar No. 198913
  mwilliams@cohen-williams.com
Martin J. Cristopher Santos – State Bar No. 306346
csantos@cohen-williams.com
**COHEN WILLIAMS LLP**
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: 213-232-5162
Fax: 213-232-5167

Amy E. Keller (admitted pro hac vice)
Nada Djordjevic (admitted pro hac vice)

Madeline Hills (admitted pro hac vice)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street
Sixth Floor
Chicago, Illinois 60602
Tel. (312) 214.7900
akeller@dicellolevitt.com
Ndjordjevic@dicellolevitt.com
Mhills@dicellolevitt.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Jonathan M. Rotter, hereby certify that on May 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Jonathan M. Rotter
Jonathan M. Rotter