UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANELA SUNGA, et al.,<br>Plaintiffs,<br>v.<br>NAVER CORPORATION, et al.,<br>Defendants. | Case No. 21-cv-05143-HSG (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 400 |

By November 23, 2026, Plaintiffs shall run Defendants' proposed ESI searches and produce all non-privileged responsive documents that relate to the privacy or data-usage policies of the third-party apps Plaintiffs used for messaging or photo/video altering.

If Plaintiffs voluntarily shared biometric or other personal data with third-party apps, that fact may be of consequence to whether Plaintiffs were harmed when Defendants collected similar data when Plaintiffs used Defendants' apps.

Plaintiffs argue that even if they voluntarily shared such data with third-party apps, Defendants harmed them because Defendants collected their data without consent. Plaintiffs may be right, but their argument will be better addressed on summary judgment or at trial. Defendants have done enough to cross Rule 26's relevance threshold.

Defendants’ proposed search terms are narrowly tailored; they generate fewer than 500 total hits across the four Plaintiffs. *See* Dkt. 400-4. They are also tethered to the third-party apps Plaintiffs admit to using. Defendants’ discovery is also timely. Fact discovery hasn’t closed, and although the deadline for the substantial completion of document productions passed on September 15, 2026, dkt. 376 at 1, Defendants proposed the search terms at issue more than two months before then, and the parties have been negotiating since.

Plaintiffs worry that Defendants’ request will significantly broaden the scope of discovery relating to third-party apps. Conceivably, third-party app discovery could turn into an expensive and time-consuming sideshow. But we’re not there yet. Defendants’ present request is narrow, and the Court will allow this discovery to proceed.

**IT IS SO ORDERED.**

Dated: November 13, 2026

Alex G. Tse
United States Magistrate Judge